


SDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-10-08

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

MICHAEL K. GERTZER
Assistant Corporation Counsel
E-mail: mgertzer@law.nyc.gov
Phone: (212) 788-0786
Fax: (212) 788-9776

## MEMO ENDORSED

June 9, 2008

*Application granted. So ordered.  
[signature]  
6-10-08*

**BY HAND**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Travis Turner, et al. v. City of New York, et al., 08 Civ. 4779 (PKC)

Your Honor:

I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York in the above-referenced matter. I write with respect to the above-referenced matter in which plaintiff alleges that his constitutional rights were violated by defendants. Defendant City respectfully requests an extension of its time to answer or otherwise respond to this complaint from June 12, 2008 until August 12, 2008. Plaintiff's counsel has consented to this request.

There are several reasons for seeking a sixty-day enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. It is our understanding that the records of the underlying criminal actions, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office is in the process of forwarding to plaintiff for execution authorizations for the release of sealed arrest and criminal prosecution records so that defendant City can access the information, properly assess the case, and respond to this complaint.

Furthermore, there is an individual defendant named in the complaint: Police Officer Joe Cozart. Plaintiff's counsel has represented that he has served Officer Cozart with the complaint. This office has not discussed with Officer Cozart the manner of service and we make

no representation herein as to the adequacy of service upon him.[1] If Officer Cozart has been properly and timely served, the extension may also give this office time to determine, pursuant to Section 50-k of the New York General Municipal Law, and based upon a review of those facts, whether we may represent him. *See Mercurio v. The City of New York, et al.,* 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made by defendant City. Accordingly, we respectfully request that defendant's time to answer or otherwise respond to the complaint be extended to August 12, 2008.

Thank you for your consideration herein.

Respectfully submitted,

Michael K. Gertzer
Assistant Corporation Counsel

cc: (By facsimile (212) 513-1006)
James I. Meyerson, Esq.
64 Fulton Street, Suite 502
New York, NY 10038

---

[1] This office has not spoken to Officer Cozart and does not represent him. Notwithstanding this fact, in the interests of judicial economy we would hope that the Court may, *sua sponte*, extend the time to answer on behalf of Officer Cozart if, in fact, he has been properly served.

2